UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.:

LILLIAN MONTALVO,
a citizen and resident of New Jersey,

    Plaintiff,

vs.

CARNIVAL CORPORATION,
a Panamanian Corporation d/b/a
CARNIVAL CRUISE LINES,

    Defendant.
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

The Plaintiff, LILLIAN MONTALVO, a New Jersey citizen and resident, sues the Defendant, CARNIVAL CORPORATION, a Panamanian Corporation doing business as CARNIVAL CRUISE LINES, and files her Complaint and alleges:

## JURISDICTION, VENUE AND PARTIES

1. This is an action for damages in excess of seventy-five thousand ($75,000.00) dollars, exclusive of interest and costs.

2. Plaintiff, LILLIAN MONTALVO, is *sui juris* and is a resident and citizen of the State of New Jersey.

3. Defendant, CARNIVAL CORPORATION ("CARNIVAL") is a Panamanian Corporation with its principal place of business in Miami-Dade County, Florida. For federal jurisdictional purposes, it is a citizen of Florida.

4. Subject matter jurisdiction exists based on diversity jurisdiction pursuant to 28

*Montalvo v. Carnival Corp.*

U.S.C. §1332, since Plaintiff is a resident and citizen of the State of New Jersey and Defendant CARNIVAL is a citizen of Florida for purposes of 28 U.S.C. §1332, since its principal place of business is in Florida. The amount of damages claimed exceeds $75,000.00, the threshold amount for federal jurisdiction under 28 U.S.C. §1332. The damages alleged in Paragraph 16 below, including a fracture of Ms. MONTALVO's right wrist, support an award of damages in excess of $75,000.00.

5. At all material times, CARNIVAL has conducted ongoing substantial and not isolated business activities in Miami-Dade County, Florida, in the Southern District of Florida, so that in personam jurisdiction over CARNIVAL exists in the United States District Court for the Southern District of Florida.

6. At all material times, CARNIVAL has engaged in the business of operating maritime cruise vessels for paying passengers, including Plaintiff.

7. In the operative ticket contract, CARNIVAL requires fare paying passengers such as Ms. MONTALVO to bring any lawsuit against CARNIVAL arising out of injuries or events occurring on the cruise voyage in this federal judicial district. Accordingly, the venue is proper in this Court.

8. Venue is also proper in this district because CARNIVAL's principal place of business is located within this district.

**9.** Ms. MONTALVO, as Plaintiff, has complied with all conditions precedent to bringing this action. She reported the accident to the ship's medical crew shortly after it occurred, and an incident report and written medical records were prepared onboard the ship. Furthermore, she gave CARNIVAL timely written notice of her claim as required by the ticket contract on October 30, 2023. A copy of the notice of intent correspondence is attached as Exhibit A.

*Montalvo v. Carnival Corp.*

10. At all material times, CARNIVAL was engaged in the business of operating maritime cruise vessels for fare paying passengers and for this purpose operated, among other vessels, the M/S VENEZIA ("VENEZIA").

11. At all material times, including the incident date of August 17, 2023, Ms. MONTALVO was a fare paying passenger aboard the VENEZIA and in that capacity was lawfully present aboard the vessel.

12. At all material times, CARNIVAL owed Ms. MONTALVO, as a paying passenger lawfully aboard its cruise vessel, a duty of reasonable care for her safety, including the duty to take reasonable steps to maintain the onboard chairs and furniture in a reasonably safe condition for passengers.

13. At all material times, on or about August 17, 2023, there existed a risk-creating or dangerous condition within the Limelight Lounge on Deck 4. Specifically, within the Limelight Lounge, there was a defective stool in a foreseeably dangerous condition to passengers sitting on it, in that the stool was improperly installed and/or maintained such that the seat component was wobbly and otherwise unstable.

14. At the time and place referred to in the preceding paragraph, Ms. MONTALVO was beginning to sit down on the stool referenced in the preceding paragraph. As she sat on the stool, its unstable nature stool caused her to lose her balance, so that she fell off the stool onto the ground.

15. The dangerous condition (*i.e.*, the wobbly, unstable stool), was neither open nor obvious to Ms. MONTALVO prior to her fall because the stool's wobbly nature was not visible or apparent to reasonable passengers, including Ms. MONTALVO, through casual observation or

3
GERSON & SCHWARTZ, P.A. • 1980 Coral Way • Miami, Florida 33145-2624
Dade (305) 371-6000 • Broward (954) 845-0535 • Fax (305) 371-5749 • Toll Free (877) 475-2905
www.injuryattorneyfla.com

other ordinary use of the senses, so that its instability revealed itself only when a passenger such as Ms. MONTALVO attempted to sit on it.

16. As a direct and proximate result of her fall as referenced in Paragraph 14, Ms. MONTALVO was injured in and about her body and extremities, sustained injuries including a right wrist fracture, suffered pain and mental anguish therefrom, incurred past and future reasonably certain medical and related expenses in the treatment of her injuries, the future medical damages being reasonably certain to occur, lost wages or earning capacity, sustained disability, physical impairment, aggravation or activation of preexisting injuries, and suffered shame, humiliation, and the loss of capacity to enjoy life. The damages are permanent or continuing in their nature and Ms. MONTALVO will continue to sustain them in the future.

## COUNT I - NEGLIGENT MAINTENANCE

17. Plaintiff, Ms. MONTALVO, adopts, realleges and incorporates by reference all allegations of Paragraphs 1 through 16 above and further alleges the following matters.

18. At all material times, CARNIVAL owed Ms. MONTALVO, as a fare paying passenger lawfully on board its vessel, a duty of reasonable care for her safety, which included a duty to maintain onboard furnishings (including the subject stool) on the VENEZIA in a reasonably safe condition for passengers—such as Ms. MONTALVO—utilizing them.

19. At all material times there existed a risk-creating or dangerous condition on Deck 4 within the Limelight Lounge of the VENEZIA as described in Paragraphs 13 through 15 above.

20. At all material times, Defendant CARNIVAL had actual or constructive knowledge of the dangerous condition referenced in Paragraphs 13 through 15 (*i.e.*, the reasonable tendency for the subject stool in the Limelight Lounge where Ms. MONTALVO fell to become loose and unstable over time due to constant use by passengers or otherwise and therefore unreasonably

4

GERSON & SCHWARTZ, P.A. • 1980 Coral Way • Miami, Florida 33145-2624
Dade (305) 371-6000 •Broward (954) 845-0535 • Fax (305) 371-5749 •Toll Free (877) 475-2905
www.injuryattorneyfla.com

*Montalvo v. Carnival Corp.*

dangerous for use as a seat). This actual and/or constructive knowledge derived from the length of time the wobbly, unstable condition of the stool had been present, such that sufficient time existed to invite corrective measures, and due to the inspection and cleaning policies of CARNIVAL regarding the Limelight Lounge and furnishings overall, which if properly and timely implemented would have revealed the unstable nature of the stool to crewmembers inspecting and cleaning the lounge.. The actual and/or constructive notice also derives from the fact that the Limelight Lounge is the main night club onboard and hence a high traffic area, considering that it is a dedicated social area where events and large gatherings of passengers are known to occur.

21. At all material times, CARNIVAL knew or should have known that stools within the VENEZIA, become loose and unstable due, among other reasons, to passengers sitting and rotating on them. CARNIVAL also has actual and/or constructive notice from prior similar falls that occurred in other of its vessels within the same or similar class of vessel, including, but not limited to, the following:

   a. *Yedra v. Carnival Corp.*, No. 1:23-cv-24728. Ms. Yedra was sitting on a stool when the unstable seat collapsed and/or came apart, causing her to fall onto the ground. This incident occurred on January 2, 2023, on CARNIVAL's *Conquest* vessel.

   b. *Hickman v. Carnival Corp.*, No. 1:04-cv-20044-STB. Ms. Hickman was sitting on a stool when the unstable seat broke, throwing her backwards and onto the ground. This incident occurred on January 30, 2003, on CARNIVAL's *Destiny* vessel.

22. The prior incidents referenced in the preceding paragraph are substantially similar to Ms. MONTALVO's fall incident, because both the prior incidents and Ms. MONTALVO's

*Montalvo v. Carnival Corp.*

incident involved:

    a. Passengers attempting to sit and/or remain seated on a stool;

    b. The stools were unstable;

    c. The stools' dangerous condition was not readily apparent to reasonable passengers; and

    d. The passengers fell from the stool onto the ground.

23. Notwithstanding CARNIVAL's actual and/or constructive knowledge of prior falls, or other actual or constructive notice as alleged above, CARNIVAL failed to adequately maintain the stool in the area where Ms. MONTALVO fell before she fell from the stool as alleged in Paragraph 14 above.

24. CARNIVAL's specific negligent acts or omissions regarding maintenance of the stool within the Limelight Lounge of the VENEZIA consist of one or more of the following:

    a. Failing to maintain the chair in a reasonably safe condition so as to prevent the wobbliness of the stool's seat;

    b. Failing to conduct frequent, timely, and/or adequate inspections of the stools inside the Limelight Lounge to identify and/or detect potential dangers to passengers, like Ms. MONTALVO;

    c. Failing to inspect the chair Ms. MONTALVO attempted to use prior to its wobbling underneath her;

    d. Failing to repair, remove, and/or replace the stool prior to Ms. MONTALVO's incident;

    e. Failing to staff and deploy a sufficient number of personnel to implement and enforce adequate policies and procedures to ensure that stools within the

*Montalvo v. Carnival Corp.*

        Limelight Lounge were safe for passengers;

    f.    Failing adequately to train its crew members to maintain the stools in the Limelight Lounge to prevent them from wobbling underneath passengers like Ms. MONTALVO.

25.    As a direct and proximate result of one or more of the negligent acts or omissions by CARNIVAL alleged above, Ms. MONTALVO has sustained and will continue to sustain in the future the damages alleged in Paragraph 16 above.

**WHEREFORE** Plaintiff, Ms. MONTALVO, demands judgment against Defendant, CARNIVAL, for damages and the costs of this action and further demands trial by jury of all issues so triable as of right.

## COUNT II - NEGLIGENT FAILURE TO WARN

26.    Plaintiff, Ms. MONTALVO, adopts, realleges and incorporates by reference all allegations of Paragraphs 1 through 16 above and further alleges the following matters.

27.    At all material times, CARNIVAL owed Ms. MONTALVO, as a fare paying passenger lawfully on board its vessel, a duty of reasonable care for her safety, which included a duty to warn passengers of dangerous or risk-creating conditions regarding onboard furnishings of which it knew or should have known.

28.    At all material times there existed a risk-creating or dangerous condition on Deck 4 within the Limelight Lounge of the VENEZIA as described in Paragraphs 13 through 15 above.

29.    At all material times, Defendant CARNIVAL had actual or constructive knowledge of the dangerous condition referenced in Paragraphs 13 through 15 (*i.e.*, the reasonable tendency for the subject stool in the Limelight Lounge where Ms. MONTALVO fell to become loose and unstable over time due to constant use by passengers or otherwise and therefore unreasonably

*Montalvo v. Carnival Corp.*

dangerous for use as a seat). This actual and/or constructive knowledge derived from the length of time the wobbly, unstable condition of the stool had been present, such that sufficient time existed to invite corrective measures, and due to the inspection and cleaning policies of CARNIVAL regarding the Limelight Lounge and furnishings overall, which if properly and timely implemented would have revealed the unstable nature of the stool to crewmembers inspecting and cleaning the lounge.. The actual and/or constructive notice also derives from the fact that the Limelight Lounge is the main night club onboard and hence a high traffic area, considering that it is a dedicated social area where events and large gatherings of passengers are known to occur.

30. At all material times, CARNIVAL knew or should have known that stools within the VENEZIA, become loose and unstable due, among other reasons, to passengers sitting and rotating on thtem. CARNIVAL also has actual and/or constructive notice from prior similar falls that occurred in other of its vessels within the same or similar class of vessel, including, but not limited to, the following:

   a. *Yedra v. Carnival Corp.*, No. 1:23-cv-24728. Ms. Yedra was sitting on a stool when the unstable seat collapsed and/or came apart, causing her to fall onto the ground. This incident occurred on January 2, 2023, on CARNIVAL's *Conquest* vessel.

   b. *Hickman v. Carnival Corp.*, No. 1:04-cv-20044-STB. Ms. Hickman was sitting on a stool when the unstable seat broke, throwing her backwards and onto the ground. This incident occurred on January 30, 2003, on CARNIVAL's *Destiny* vessel.

31. The prior incidents referenced in the preceding paragraph are substantially similar to Ms. MONTALVO's fall incident, because both the prior incidents and Ms. MONTALVO's

*Montalvo v. Carnival Corp.*

incident involved:

    a. Passengers attempting to sit and/or remain seated on a stool;

    b. The stools were unstable;

    c. The stools' dangerous condition was not readily apparent to reasonable passengers; and

    d. The passengers fell from the stool onto the ground.

32. Notwithstanding CARNIVAL's actual and/or constructive knowledge of prior falls, or other actual or constructive notice as alleged above, CARNIVAL failed to warn passengers, including Ms. MONTALVO, of the risk-creating or dangerous condition referenced in Paragraph 13 above, through adequate signage or markings, orally delivered or written warnings, cordoning off the dangerous stool, or otherwise, and was thereby negligent.

33. As a direct and proximate result of CARNIVAL's negligent failure to warn as alleged above, Ms. MONTALVO has sustained and will continue to sustain in the future the damages alleged in Paragraph 16 above.

**WHEREFORE** Plaintiff, Ms. MONTALVO, demands judgment against Defendant, CARNIVAL, for damages and the costs of this action and further demands trial by jury of all issues so triable as of right.

*Montalvo v. Carnival Corp.*

# DEMAND FOR JURY TRIAL

Plaintiff hereby demands trial by jury of all issues so triable as of right.

Dated: November 15, 2024

          */s/PHILIP M. GERSON*
PHILIP M. GERSON
Florida Bar No. 127290
pgerson@gslawusa.com
filing@gslawusa.com
NICHOLAS I. GERSON
Florida Bar No. 0020899
ngerson@gslawusa.com
EDWARD S. SCHWARTZ
Florida Bar No. 346721
eschwartz@gslawusa.com
DAVID L. MARKEL
Florida Bar No. 78306
dmarkel@gslawusa.com
JULIO D. TORRES
Florida Bar No. 1040446
jdtorres@gslawusa.com
Nicholas M. Plymale
Florida Bar No. 1057884
nplymale@gslawusa.com
**GERSON & SCHWARTZ, P.A.**
1980 Coral Way
Miami, Florida 33145
Telephone: (305) 371-6000
Facsimile: (305) 371-5749
*Attorneys for Plaintiff*

10
GERSON & SCHWARTZ, P.A. • 1980 Coral Way • Miami, Florida 33145-2624
Dade (305) 371-6000 • Broward (954) 845-0535 • Fax (305) 371-5749 • Toll Free (877) 475-2905
www.injuryattorneyfla.com